UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GURDEEP SINGH,<br><br>                Petitioner,<br>    v.<br>ICE FIELD OFFICE DIRECTOR,<br><br>                Respondent. | Case No. 2:24-cv-00400-TL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for  **June 27, 2024** |

Petitioner initiated this 28 U.S.C. § 2241 habeas action to obtain release from immigration detention or a bond hearing. Dkt. 4. On May 10, 2024, petitioner was release on an order of supervision. Dkts. 6, 6-2. The Government now moves to dismiss this action as moot. Dkt. 6. Petitioner did not file an opposition.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Because petitioner's habeas petition challenges only the length of his detention, his claims were fully resolved by release from custody. *See id.* at 1065; *Babak v. ICE FOD*, 20-cv-212-RSM-BAT, 2020 WL 1976798, at *1 (W.D. Wash. Mar. 31, 2020) *R&R adopted by* 2020 WL 1974335, at *1 (W.D. Wash. Apr. 24, 2020) (dismissing habeas

REPORT AND RECOMMENDATION - 1

petition that challenged only length of immigration detention as moot after ICE released petitioner on supervision). Accordingly, there is no collateral consequence that could be redressed by the Court, and petitioner's habeas petition must be dismissed as moot. *See id.*

The Court recommends that the Government's motion to dismiss as moot (Dkt. 6) should be GRANTED, petitioner's habeas petition should be DENIED, and this action should be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **June 27, 2024**, as noted in the caption.

Dated this 12th day of June, 2024.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2